**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | |
|---|---|
| JOHNNIE FERGUSON, )<br>)<br>Petitioner, )<br>v. )<br>)<br>SUPERINTENDENT, Wabash Valley )<br> Correctional Facility, )<br>)<br>Respondent. ) | No: 2:15-cv-176-WTL-DKL |

**Entry Discussing Petition for Writ of Habeas**
**Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Johnnie Ferguson ("Ferguson") for a writ of habeas corpus must be **denied** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**I. The Petition for Writ of Habeas Corpus**

**A. Background**

Ferguson was convicted in Marion County of murder and of carrying a handgun without a license. His conviction was affirmed in *Ferguson v. State*, No. 49A05-0809-CR-514 (Ind.Ct.App. Apr. 22, 2009)(*Ferguson*), *trans. denied*. Ferguson's appeal of the trial court's denial of his petition for post-conviction relief was docketed in the Indiana Court of Appeals as No. 49A05-1312-PC-646 and was dismissed pursuant to Indiana Appellate Rule 45(D) because Ferguson did not file a brief. The Indiana Supreme Court denied Ferguson's petition to transfer. The filing of this action followed.

Pertinent facts recited in *Ferguson* include the following: On April 23, 2007, an altercation between Ferguson and Christopher Lucas occurred in the Mullins Tool Rental parking lot in the 500 block of N. Temple in Indianapolis. Porsche Kimball observed much of this confrontation develop. As she went to get her daughter, Kimball heard a single gunshot. Lucas had been shot one time in the heart at close range. Kimball turned and saw Ferguson lowering his hand with a gun in his hand. Lucas fell to the ground and Ferguson and the others in his group took off running.

Kimball called 911, checked on Lucas, and performed CPR on Lucas until emergency personnel arrived. She then ran back to her house, crying hysterically. Lucas died within approximately ten minutes of being shot.

Kimball contacted police two days later and supplied some details of the incident. Kimball was contacted by IMPD Detective Kevin Dudley. Kimball picked Ferguson's photo from a photo array.

On May 10, 2007, Ferguson was charged. His trial commenced on December 7, 2007. On the first day of trial, the prosecutor revealed to the defense that the State had failed, during discovery, to produce certain notes taken by Detective Dudley. Ferguson's motion for a mistrial was granted. His motion to dismiss with prejudice was initially taken under advisement and was denied a few weeks later after a hearing.

Ferguson's second trial commenced on July 14, 2008 and resulted in him being found guilty.

In *Ferguson,* the Indiana Court of Appeals rejected Ferguson's arguments that his motion to dismiss with prejudice should have been granted, that the trial court improperly excluded evidence from witness Jermal Hatton, and that the evidence was insufficient. Ferguson's action

for post-conviction relief was denied and his appeal from that decision was dismissed as previously described.

Ferguson then filed the present action. He seeks relief pursuant to 28 U.S.C. § 2254(a). His claims are those presented and rejected in *Ferguson* and the additional claim that the trial court committed error in admitting gruesome autopsy photographs of Lucas.

### B. Applicable Law

In the exercise of its habeas jurisdiction, a federal court may grant relief only if the petitioner shows that he is in custody "in violation of the Constitution or laws of the United States." *Id.*

Ferguson filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). The petition, therefore, is subject to the AEDPA. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997). When a habeas petitioner's claim was adjudicated on the merits in State court proceedings "federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo,* 590 F.3d 533, 536 (7th Cir. 2010), Instead, in such circumstances federal habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless" the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The Supreme Court has recently issued several rulings emphasizing the wide latitude that must be accorded to state court rulings under AEDPA review. *See, e.g. Harrington v. Richter*,

131 S. Ct. 770, 785 (2011); *Premo v. Moore*, 131 S. Ct. 733, 743 (2011); *Renico v. Lett*, 130 S. Ct. 1855, 1862-66 (2010); *Thaler v. Haynes*, 130 S. Ct. 1171, 1173-75 (2010). In particular, the Supreme Court has stressed that section 2254, as amended by AEDPA, was meant to stop just short of imposing a complete bar to federal court relitigation of claims already rejected in state court proceedings, allowing for federal habeas relief only where there have been "extreme malfunctions in the state criminal justice systems." *See Harrington*, 131 S. Ct. at 786. As a result, so long as "fairminded jurists could disagree" on the correctness of the state court's decision, federal habeas relief should not be granted. *Id.* (quoting *Yarborough v. Alvarado*, 124 S. Ct. 2140, 2149 (2004)).

### C. Discussion

*Mistrial and Motion to Dismiss.* The settled law of the United States Supreme Court is that a mistrial requested by the defendant because of prosecutorial misconduct does not bar a retrial under double jeopardy principles, unless the prosecutor intentionally misbehaved for the specific purpose of goading the defendant into moving for the mistrial. *Oregon v. Kennedy,* 456 U.S. 667, 676 (1982).

What the prosecution intended, and whether a defendant is "goaded" into seeking a mistrial, are questions of fact as to which state-court determinations are "presumed correct" unless the petitioner can rebut the presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Sprosty v. Buchler,* 79 F.3d 635, 643 (7th Cir. 1996). Here, the Indiana Court of Appeals reviewed the nature of Detective Dudley's notes, the content of the notes, the circumstances under which they were produced, and the lack of credibility of the persons whose interviews the notes reflected. *Ferguson,* at pp. 4-7. It acknowledged the controlling

standard, *id.,* at p.8, and then reasonably applied this standard to the facts of Ferguson's claim:

> The State clearly was responsible for the circumstances that forced defense counsel into moving for a mistrial. This is not enough, however, to compel dismissal of the charges on double jeopardy grounds. In denying Ferguson's motion, the trial court noted that the State was prepared for trial, had called witnesses to the stand, and had other witnesses present and ready to testify. The State opposed the motion for mistrial and indicated it was ready to proceed with trial. In opposing mistrial, the State explained that the information contained in the detective's notes was deemed by both the detective and the prosecutor to be either incredible or irrelevant to the case. In any event, the trial court found there is no evidence that the State sought to goad defense counsel into submitting a motion for mistrial, and we decline to reweigh the evidence relative to that determination.

*Id.,* at p.9 (internal citations omitted). "Under AEDPA, if the state-court decision was reasonable, it cannot be disturbed." *Hardy v. Cross,* 132 S. Ct. 490, 495 (2011). Because the Indiana Court of Appeals' conclusion as to the denial of Ferguson's motion to dismiss with prejudice following the mistrial was reasonable, Ferguson is not entitled to habeas relief as to this claim.

*Exclusion of Evidence.* The trial court granted a motion *in limine* restricting the scope of testimony from witness Jermal Hatton. The pertinent portion of information which could be elicited from this witness, however, was permitted. *Ferguson,* at pp. 9-11. The Indiana Court of Appeals found that the restriction was justified on grounds of relevance, *id*. at pp. 10-11, and that in any event any error was harmless because the jury had rejected Hatton's testimony explicitly suggesting that Weston was the shooter. *Id.* at p. 11. ("The jury heard Hatton testify (1) that he saw Weston running away from the scene of the murder just moments after it occurred, (2) that Weston was carrying a black .22 handgun and breathlessly claimed to have shot someone, and (3) that Weston threatened Hatton with harm if Hatton told anyone about it.").

The federal basis of this claim was not fairly presented in *Ferguson.* As a claim under state law, moreover, the claim is not cognizable here because the United States Supreme Court has "repeatedly held that 'federal habeas corpus relief does not lie for errors of state law.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).

*Sufficiency of the Evidence.* Ferguson's insufficiency-of-the-evidence claim is governed by the "rigorous" standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979): "evidence, viewed in the light most favorable to the State, is sufficient to support a conviction so long as any rational trier of fact could find the essential elements of the offense to have been proved beyond a reasonable doubt." *Jones v. Butler*, 778 F.3d 575, 581 (7th Cir. 2015); *see Monroe v. Davis*, 712 F.3d 1106, 1118-19 (7th Cir. 2013). Because the Court considers "this claim on collateral review rather than direct appeal, the [AEDPA] imposes an additional layer of defense onto this inquiry: [the Court] may grant relief on this claim only if the [state court] applied the *Jackson* standard unreasonably to the facts of [the petitioner's] case." *Jones*, 778 F.3d at 581-82. Therefore, "[f]ederal review of these claims . . . turns on whether the state court provided fair process and engaged in reasoned, good-faith decisionmaking when applying *Jackson*'s 'no rational trier of fact' test." *Gomez v. Acevedo*, 106 F.3d 192, 199 (7th Cir. 1999).

The Indiana Court of Appeals applied a *Jackon*-compatible standard in examining the sufficiency of the evidence. *Ferguson,* at p. 13 ("We . . . must affirm if the probative evidence and reasonable inferences could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt.")(citation and internal quotations omitted). In doing so, it recognized that "Kimball's testimony was of critical importance in obtaining Ferguson's convictions," *id.,* reviewed and rejected Ferguson's specific challenges to Kimball's credibility, and concluded that

> [a]s to the other points made by Ferguson, these were matters bearing on the credibility of Kimball's account of the incident. All of this information was placed before the jury by defense counsel during Kimball's cross-examination and in closing argument. It was the jury's duty to decide whether, in light of the alleged inconsistences and the questions raised regarding her ability to observe the shooting and her motivations for coming forward, Kimball's testimony was worthy of belief.

*Id.* The only feature of the evidence Ferguson challenges is the identity of the shooter and the decision in *Ferguson* convincingly establishes that based on Kimball's testimony a reasonable trier of fact could find Ferguson to have been the shooter. This habeas claim therefore fails.

*Admission of Autopsy Photographs.* Ferguson's claim regarding the admission of autopsy photographs was not presented to the Indiana state courts. Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992), *cert. denied,* 508 U.S. 962 (1993).

A federally habeas court is barred from considering procedurally defaulted claims unless the petitioner "can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice." *Johnson v. Hulett,* 574 F.3d 428, 430 (7th Cir. 2009) (internal quotation marks omitted). Ferguson has not attempted either showing. He has therefore committed unexcused procedural default as to this claim and this prevents the Court from reaching the merits of it.

### D. Conclusion

A federal habeas court's role in reviewing state prisoner applications was modified by the AEDPA "in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693 (2002). The requirements of the AEDPA "create an independent, high standard to be met before a federal court may issue a writ of habeas corpus to set aside state-court rulings." *Uttecht v. Brown,* 127

S. Ct. 2218, 2224 (2007) (citations omitted). As the Supreme Court recently explained, the AEDPA's requirements reflect "the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter,* 131 S. Ct. 770, 786 (2011) (quoting *Jackson v. Virginia,* 443 U.S. 307, 332 n.5 (1979)). No such malfunction tainted Ferguson's trial with constitutional error.

Having applied the appropriate standard of review, and having considered the pleadings and the expanded record, Ferguson's petition for writ of habeas corpus must be denied. Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Ferguson has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date: 7/19/16

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

JOHNNIE FERGUSON
190220
WABASH VALLEY CORRECTIONAL FACILITY
Electronic Service Participant – Court Only